UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                          Case No. 20-cr-20233
vs.                                        Hon. Denise Page Hood

D-6 Jean Pinkard, N.P.

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO EXTEND REPORT DATE [ECF NO. 851]

Before the Court is Defendant Jean Pinkard's Motion to Extend Report Date. [ECF No. 851]. The Government does not concur in the motion. After several granted and stipulated extensions, Pinkard is scheduled to report to her designated federal detention facility today, March 3, 2025, the date on which her most recent motion for an extension was filed. See [ECF No. 847]. Pinkard requests that her surrender date be extended from today, March 3, 2025, to May 1, 2025, to allow her Petition of Commutation of Sentence to be reviewed and to continue her palliative treatment and tests. [ECF No. 851, PageID.6106]. Pinkard argues that this report date will also allow the Bureau of Prisons to contemplate where it should house her given her illness. *Id*.

On May 8, 2024, Judge Friedman Pinkard sentenced Pinkard to one year and one day incarceration and noted that she should be designated to a medical facility to treat medical condition (cancer). Pinkard was designated to FMC Carswell in Texas. Pinkard was originally scheduled to report to her designated facility July 9, 2024. This Court has continuously indulged Pinkard's last-minute requests for extension of time to report. See [ECF Nos. 818, 822, 827, 831, and 847]. Pinkard has not provided any reasons why FMC Carswell is unable to care for her. Pinkard is effectively seeking a modified sentence for which this Court has no authority.

This Court is bound by Federal Rule of Criminal Procedure 35, which governs correction of a judgment. "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35. "Sentencing" is defined as the "oral announcement of the sentence." *Id*. at 35(c). The Sixth Circuit has held that if the court does not "act" to correct a sentence within the [14] days from the sentencing hearing, the court is without jurisdiction to correct a sentence beyond the [14] days. *United States v. Vicol*, 460 F.3d 693, 695 (6th Cir. 2006). "[O]nce a sentence has been imposed, the trial judge's authority to modify it is limited to Rule 35." (quoting *United States v. Addonizio*, 442 U.S. 178, 189 n.16, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979)). A sentencing court "generally 'may not modify a term of imprisonment once it has

2

been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582(c).

Local Rule 59.1 states that "[a] motion to alter or amend a judgment must be filed within the time allowed by Federal Rule of Civil Procedure 59(e)." Rule 59(e) requires a motion to amend a judgment to be brought no later than 28 days after the entry of the judgment. No such motion was filed.

In light of the foregoing,

IT IS SO ORDERED that Defendant's Motion to Extend Report Date [ECF No. 851] is DENIED.

SO ORDERED.

/s/Denise Page Hood_____
Denise Page Hood
United States District Judge

Dated: March 3, 2025

I hereby certify that a copy of the foregoing document was served upon counsel of record or party on March 3, 2025, by electronic and/or ordinary mail.

s/Donald Peruski
Case Manager

3